# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN KAMIDE,

    Petitioner,

vs.

BRADFORD JERBIC, et al.,

    Respondents.

Case No. 2:18-cv-00096-APG-GWF

**ORDER**

    Before the court is the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court denies the petition because it lacks merit on its face.

    After a bench trial in the Las Vegas Municipal Court, petitioner was found guilty of one count of domestic battery and two counts of simple battery. Petitioner appealed to the state district court. The sole ground for relief was that three of the prosecution's witnesses had violated Nevada's witness-exclusion rule, Nev. Rev. Stat. § 50.155. The state district court agreed and remanded to the municipal court. The prosecution then petitioned the Nevada Supreme Court for a writ of mandamus. City of Las Vegas v. Eighth Judicial District Court (Kamide), 405 P.3d 110, 111 (Nev. 2017). The Nevada Supreme Court granted the petition, directing the state district court to vacate its decision and to enter a new decision affirming the conviction. The Nevada Supreme Court held that the state district court could not find a plain error under established law governing Nev. Rev. Stat. § 50.155. Id. at 113-14.

| | |
|---|---|
| 1 | Petitioner then commenced this action. He started with a civil rights complaint pursuant to |
| 2 | 42 U.S.C. § 1983 (ECF No. 1). He then filed a petition for a writ of habeas corpus pursuant to 28 |
| 3 | U.S.C. § 2254 (ECF No. 4) and then an amended petition (ECF No. 7). The court assumes that the |
| 4 | habeas corpus petition has superseded the civil rights complaint, because the relief that petitioner |
| 5 | seeks is available through only habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). |

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

Petitioner's sole ground for relief is that the witnesses violated Nevada's witness-exclusion rule, Nev. Rev. Stat. § 50.155, and the Constitution of the United States. "Neither this court nor the Supreme Court has ever held that the failure to exclude witnesses can violate due process." Larson v. Palmateer, 515 F.3d 1057, 1065 (9th Cir. 2008). That ends the matter, as far as federal habeas corpus goes. Because federal law on this question has not been clearly established by the Supreme Court of the United States, the Nevada Supreme Court's decision cannot be an unreasonable

application of, or contrary to, clearly established federal law, and this court cannot grant relief. Carey v. Musladin, 549 U.S. 70, 77 (2006). The petition is without merit on its face.

While the state-court proceedings were pending, petitioner was not in custody. He was taken into custody after the Nevada Supreme Court's decision and after commencement of this action. In his motion to stay proceedings in state court (ECF No. 8), petitioner asks the court to order him released on his own recognizance while this petition is pending. The court denies this request because petitioner cannot obtain relief through federal habeas corpus.

Reasonable jurists would not find the court's conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's motion to stay proceedings in state court (ECF No. 8) is **DENIED**.

IT IS FURTHER ORDERED that the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 7) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that the clerk of the court send a copy of this order, the amended petition (ECF No. 7), and the motion to stay proceedings in state court (ECF No. 8), to the City Attorney of the City of Las Vegas, 495 S. Main St., Las Vegas, NV 89101. No response by the respondents is necessary.

DATED: January 30, 2018.

ANDREW P. GORDON
United States District Judge